Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Ideavillage Products Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IDEAVILLAGE PRODUCTS CORP., *Plaintiff* <br><br> v. <br><br> OHMYGOD 1, ONOUROWN, OTP, OUT, OUTDOOR LEISURE SPORTS SHOP, OWER CO. LTD., PANYANLING, PASTTAN, PCOCO, PER, PINLILILI, PRIVATESHELF, PROGADGETS, QINGQINGYUNYI, QINGSHA'S STORE, QIUQIUDEXIAOWU, QUALITY GOODS, RED DRAGONFLY SCIENCE AND TECHNOLOGY, REDROSEFLOWER, RONGRONGSTORE, ROSEPRINCESS2007, RTUHGDAYT, RUANMEDEXIAODIAN, RUITONG MARKET, SANMING XUEYUAN 002, SANYANGKAITAI2626, SEEINGHERE, SENKEYI, SF TIMES, SHAMROCK, SHENZHEN ONESHOW TECHNOLOHY LTD.COM, SHENZHENMOMODA, SHENZHENSHISHIZHONGSHENMAOYIYO UXIANGONGSI, SHENZHENSHIYUWENCHUANGXINKEJIY OUXIANGONGSI, | **CIVIL ACTION No. ___** <br><br><br> **COMPLAINT** <br><br> **Jury Trial Requested** <br><br> **FILED UNDER SEAL** |

SHENZHENSHIZHUORIHANGKEJIYOUXIA
NGONGSI, SHHBHBLC, SHOPLNG,
SHUYISHOP, SINCETHEN, SIYUEJIE,
SKAD, SLDE, SNOWBIRD, SOFLQLQ,
SONGFENGXIAODIAN, SOULMALL, SPO,
SPORTS STATION, STARMERXSHOP,
STARRY_NIGHT, SUNFLOWERMIA, SUPER
BIG MARKET, SUPER CAT, SUPER DEAL
TRADE, SUPERBOXI, SYSO, SZ-HAOMEN,
TAISONG, TANGTANGNIU, TEENAGE
DREAM, TERRY IS WORLD, TETSU, THE
LIFE STORE, TIFFYLOVE,
TINGTINGSHISHANG, TONGTONGTOP,
TOOLOU, TRAVEL_EXPLORE_3C STORE,
TSMART, VILTECK, WAN LI SHENG,
WANGJINHUA200810, WANGSHIWENWEN,
WANGWANGHONGLING,
WANGZHIHUI001, WANYUANYUAN, WAS,
WEIJINYI, WEISHUAIWOSHIXUE,
WEIZHONGZHAN, WELFARENOW, WEN
BIN SHOP, WENDY001,
WENZHANGBUZHIN, WHUYANQI,
WISLNR, WLO, WOCLINTON, WOODEN
LIN, SENMAI STORE ROOM,
WSY270799166@163.COM,
WUHUANHUAN588, XIAOANHONG,
XIAODILUCK, XIAOFUDIANPU,
XIAOKUYOX,
XIAOXIAOCHONGWUSTORE,
XIAOXIAOZOU, XIAOYINGAIQIU, XIE
KAIKUI SHOP, XIEJJY, XIN LIN
TECHNOLOGY, XING_MAI,
XIUFEIDEXINDIANBU, XUEWEI,
YANYANSIXOASEN, YLANYA,
YOUMENGGO, YOUTH TEAM, YUE MENG
STORE, YUHUI STORE, YUNCHAN00,
YY123456, ZHANGFENGSTORE,
ZHAOBINGBING, ZHENGFACAI,
ZHENGZECHENG, ZHOUCHENG157,
ZHOUXIAORAN, ZP123456, ZT TRADE,
ZWS-SHOP, ZWYOUTH33 and ZWYOUTH44,

*Defendants*

Plaintiff Ideavillage Products Corp. ("Ideavillage" or "Plaintiff"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

This action involves claims for trademark infringement of Plaintiff's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; counterfeiting of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of Plaintiff's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and related state and common law claims (the "Action"), arising from Defendants OhmyGod 1, Onourown, otp, OUT, Outdoor Leisure Sports Shop, ower co. ltd., panyanling, pasttan, PCOCO, per, pinlilili, privateshelf, Progadgets, qingqingyunyi, Qingsha's Store, qiuqiudexiaowu, Quality Goods, Red Dragonfly Science And Technology, Redroseflower, rongrongstore, roseprincess2007, rtuhgdayt, ruanmedexiaodian, RuiTong Market, SanMing XueYuan 002, sanyangkaitai2626, seeinghere, senkeyi, SF TIMES, SHAMROCK, shenzhen oneshow technolohy Ltd.com, Shenzhenmomoda, shenzhenshishizhongshenmaoyiyouxiangongsi, shenzhenshiyuwenchuangxinkejiyouxiangongsi, shenzhenshizhuorihangkejiyouxiangongsi, SHHBHBLC, shoplng, shuyishop, SinceThen, siyuejie, skad, slde, Snowbird, SOFLQLQ, songfengxiaodian, SoulMall, spo, sports station, StarmerxShop, Starry_night, sunflowermia, super big market, SUPER CAT, Super Deal Trade, superboxi, syso, sz-haomen, taisong, Tangtangniu, Teenage Dream, Terry is World, Tetsu, The life store, tiffylove, tingtingshishang, TONGTONGTOP, toolou, Travel_Explore_3C Store, tSmart, VILTECK, Wan Li Sheng, wangjinhua200810, wangshiwenwen, wangwanghongling,

wangzhihui001, wanyuanyuan, was, Weijinyi, weishuaiwoshixue, weizhongzhan, welfarenow, Wen bin shop, Wendy001, wenzhangbuzhin, Whuyanqi, wislnr, wlo, woclinton, Wooden Lin, Senmai store room, wsy270799166@163.com, wuhuanhuan588, xiaoanhong, XiaoDiLuck, xiaofudianpu, xiaokuyox, xiaoxiaochongwustore, xiaoxiaozou, xiaoyingaiqiu, Xie Kaikui shop, Xiejjy, Xin Lin Technology, xing_mai, xiufeidexindianbu, xuewei, yanyansixoasen, ylanya, YouMengGo, Youth team, Yue Meng Store, Yuhui store, Yunchan00, yy123456, zhangfengstore, zhaobingbing, zhengfacai, zhengzecheng, zhoucheng157, zhouxiaoran, zp123456, ZT Trade, ZWS-shop, zwyouth33 and zwyouth44 (hereinafter collectively referred to as "Defendants" or individually as "Defendant") infringement of the Touch Marks (as defined *infra*) and Touch Works (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed, counterfeit and infringing versions of Plaintiff's Touch Products (as defined *infra*).

## JURISDICTION AND VENUE

1.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

2.      Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and in this judicial district, and/or derive substantial revenue from their business transactions in New York and in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and in this judicial district, for example:

a.      Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through accounts with online marketplace platforms such as Wish (as defined *infra*) as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts"), through which consumers in the U.S., including New York, can view the one or more of Defendants' Merchant Storefronts (as defined *infra*) that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products (as defined *infra*) and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

b.  Upon information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses using their respective User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert of participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)") in wholesale quantities at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically New York.

c.  Upon information and belief, a majority of Defendants' Merchant Storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S.

d.  Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address (as defined *infra*).

e.  Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Counterfeit Products.

f.  Upon information and belief, Defendants are aware of Plaintiff, its Touch Products, Touch Marks and Touch Works, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Plaintiff in the U.S. and specifically, in New York and this judicial district, as Plaintiff conducts business in New York.

3.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact, and/or solicit business in this judicial district.

## THE PARTIES

4.     Plaintiff Ideavillage Products Corp. is a New Jersey corporation, having a principal place of business at 155 Route 46 West, Wayne, NJ 07470.

5.     Upon information and belief, Defendants are merchants on the Wish.com online marketplace platform, which, upon information and belief, is owned by ContextLogic, Inc., a Delaware corporation with a principal place of business at One Sansome Street, 40th Floor, San Francisco, CA 94104, through which Defendants offer for sale and/or sell Counterfeit Products.

## GENERAL ALLEGATIONS

### Plaintiff and Its Well-Known Touch Products

6.     Plaintiff is a leading developer, producer, marketer, and distributor of quality, innovative consumer products.  Plaintiff promotes and sells its products through national direct response television advertising commonly called "As Seen On TV" ("ASOTV").  Plaintiff also promotes and sells its ASOTV products at the retail level at well-known mass retail outlets, including, without limitation: Wal-Mart, Target Stores, Bed Bath & Beyond, Toys R Us, Rite-Aid, CVS and Walgreens; through catalog companies; online, through its own website and its retail customers' websites; as well as through a network of international distributors, among other channels of trade.

7.     Plaintiff is among the most well-known, well-respected sources of many of the most popular and most successful ASOTV products sold in the U.S.

8.     One of Plaintiff's most popular and successful product brands is a line of personal hair removal tools, marketed and sold under Ideavillage's distinct Touch brand, namely,

FINISHING TOUCH, MICROTOUCH, FINISHING TOUCH FLAWLESS, YES! BY FINISHING TOUCH and MICROTOUCH TOUGH BLADE, among others ("Touch Products").

9. The Touch Products have achieved great success since their initial introduction.

10. While Ideavillage has gained significant common law trademark and other rights in its Touch Products, through use, advertising, and promotion, Ideavillage has also protected its valuable rights by filing for and obtaining federal trademark registrations.

11. For example, Ideavillage is the owner of U.S. Trademark Registration No. 4,422,095 for the wordmark "FINISHING TOUCH" for goods in Class 8, U.S. Trademark Reg. No. 4,693,272 for the wordmark "YES! BY FINISHING TOUCH" for goods in Class 8, U.S. Trademark Registration No. 5,318,698 for the wordmark "FLAWLESS" for goods in Class 8, U.S. Trademark Registration No. 5,391,994 for the wordmark "FLAWLESS" for goods in Class 8, U.S. Trademark Registration No. 5,325,690 for the wordmark "FINISHING TOUCH FLAWLESS" for goods in Class 8, U.S. Trademark Registration No. 5,537,019 for the wordmark "FLAWLESS LEGS" for goods in Class 8, U.S. Trademark Registration No. 5,576,996 for the wordmark "FLAWLESS LEGS" for goods in Class 8, U.S. Trademark Registration No. 5,407,466 for  for goods in Class 8, U.S. Trademark Registration No. 2,884,308 for the wordmark "MICROTOUCH" for goods in Class 8, U.S. Trademark Registration No. 4,183,150 for the wordmark "MICROTOUCH MAX" for goods in Class 8, U.S. Trademark Registration No. 4,937,115 for the wordmark "MICROTOUCH ONE" for goods in Class 8, U.S. Trademark Registration No. 4,582,646 for the wordmark "MICROTOUCH SWITCHBLADE" for goods in Class 8 and U.S. Trademark Registration No. 4,749,480 for the wordmark "TOUGHBLADE" for goods in Class 8 (hereinafter collectively referred to as the "Touch Marks"). True and correct

copies of the certificates of registration for the Touch Marks are attached hereto as **Exhibit A** and incorporated herein by reference.

12.     The Touch Marks are currently in use in commerce in connection with the Touch Products.  The Touch Marks were first used in commerce on or before the dates of first use as reflected in the registration certificates attached hereto as Exhibit A.

13.     In addition, Plaintiff is also the owner of both registered and unregistered copyrights in and related to the Touch Products.

14.     For example, Plaintiff is the owner of U.S. Copyright Reg. VA 2-112-403, covering the Finishing Touch Flawless Packaging Artwork, U.S. Copyright Reg. VA 2-102-735, covering the Finishing Touch Flawless Packaging Artwork and Instructions, U.S. Copyright Reg. PA 2-055-361, covering the Finishing Touch Flawless Commercial, U.S. Copyright Reg. VA 2-082-167, covering the Finishing Touch Flawless Website, U.S. Copyright Reg. VA 2-114-639, covering the Finishing Touch Flawless Brand Website, U.S. Copyright Reg. PA 2-113-678, covering the Flawless Legs Commercial, U.S. Copyright Reg. VA 2-115-168, covering the Flawless Legs Website, U.S. Copyright Reg. VA 2-114-549, covering the Flawless Legs Packaging Artwork and Instructions, U.S. Copyright Reg. VA 1-898-348, covering the Yes! by Finishing Touch Website, U.S. Copyright Reg. VA 1-892-726, covering the Microtouch One Packaging and Instructions, U.S. Copyright Reg. VA 2-000-168, covering the MicroTouch One Website, U.S. Copyright Reg. VA 2-000-181, covering the MicroTouch One Packaging Artwork, U.S. Copyright VAu 1-142-294, Microtouch Switchblade Packaging and Instructions and U.S. Copyright Reg. VA 1-945-485, covering the MicroTouch Tough Blade Packaging (collectively, the "Touch Works").  True and correct copies of the U.S. Copyright registration certificates for the Touch Works are attached hereto as **Exhibit B** and incorporated herein by reference.

15.     In addition to the channels described above, Ideavillage also markets the Touch Products on its own website, https://www.ideavillage.com ("Ideavillage Website"), as well as through its websites specific to the various Touch Products ("Touch Websites") (the Ideavillage Website and the Touch Websites are hereinafter collectively referred to as, "Plaintiff's Websites").

16.     The Touch Products typically retail for between $10.00 - $29.99.

17.     Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its Touch Products, Touch Marks and Touch Works.

18.     The success of the Touch Products is due in part to Plaintiff's marketing and promotional efforts.   These efforts include advertising and promotion through television, Plaintiff's Websites, retailer websites and other internet-based advertising, print, participation in trade shows, among other efforts domestically and abroad.

19.     Plaintiff's success is also due to its use of the highest quality materials and processes in making the Touch Products.

20.     Additionally, Plaintiff owes a substantial amount of the success of the Touch Products to its consumers, and word of mouth buzz that its consumers have generated.

21.     As a result of Plaintiff's efforts, the quality of Plaintiff's products, and the word-of-mouth buzz generated by its consumers, the Touch Marks, Touch Works and Touch Products have become prominently placed in the minds of the public.  Members of the public have become familiar with Plaintiff's Touch Marks, Touch Works and Touch Products, and have come to associate them exclusively with Plaintiff.  Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.

22.     Plaintiff has gone through great lengths to protect its interests to the Touch Products, Touch Marks and Touch Works.   No one other than Plaintiff is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Touch Marks or Touch Works without the express permission of Plaintiff.

### Wish and Defendants' User Accounts

23.     Wish.com is an online marketplace and e-commerce platform that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products originating primarily from China,[1] among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York (hereinafter, "Wish").

24.     A majority of the third-party merchants that have User Accounts with and operate Merchant Storefronts on Wish, like Defendants, are located in China.[2]  As of May 2015, over 40 million items from 100,000 User Accounts were available on Wish.[3]  Between June 2014 and May 2015, nearly 100 million distinct User Accounts became registered on Wish.[4]  Currently, Wish claims a base of over 300 million users.[5]  As one of the leaders of the worldwide e-commerce and digital retail market, Wish has generated billions in sales worldwide.[6]  Sales to the U.S. make up a significant percentage of the business done on Wish.  For example, online sales account for 8.6% of all retail transactions in the U.S., and nearly 8% of online shopping done by teenagers was

---

[1] *See* Armando Roggio, *Ecommerce Lessons from the Wish Shopping App*, PRACTICAL ECOMMERCE (Jan. 7, 2015), https://www.practicalecommerce.com/Ecommerce-Lessons-from-the-Wish-Shopping-App.
[2] *See* Greg Bensinger, *Wish, a Direct-From-China Shopping App, Lures Bargain Hunters*, WALL STREET JOURNAL (May 19, 2015), https://www.wsj.com/articles/wish-a-direct-from-china-shopping-app-lures-bargain-hunters-1431909072.
[3] *See id.*
[4] *See id.*
[5] *See* WISH.COM, https://www.wish.com/careers.
[6]*See* Connie Loizos, *Wish is Raising Again, and Giving Late-Stage Investors Protection*, TECHCRUNCH.COM (Oct. 28, 2016), https://techcrunch.com/2016/10/28/wish-is-raising-again-and-giving-late-stage-investors-protection/.

performed using Wish, which is second only to Amazon.com.[7]  On Cyber Monday of 2017, Wish accounted for 6.2% of teenager spending.[8]  Currently, Wish is valued at over $8 billion, which is more than the market value of three of the largest traditional retailers in the U.S.[9]

25.     Wish aggressively uses the internet, including Facebook, Google and Pinterest, to market itself and the products offered for sale and/or sold by its third-party merchant users to potential consumers, particularly in the U.S.  For example, Wish is in the top-five largest advertisers on the aforementioned popular search engines and social media websites.[10]  In 2015, Wish spent approximately $100 million on advertisements on Facebook alone.[11]

26.     As recently addressed in news reports,[12] and as reflected in the federal lawsuits filed against third-party merchants offering for sale and selling infringing and/or counterfeit products on Wish,[13] an astronomical number of counterfeit and infringing products are offered for sale and sold on Wish at a rampant rate.[14]

27.     Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their User

---

[7] *See* Deena M. Amato-McCoy, *Study: Teens Twice as Likely to Shop Online Than Adults,* CHAINSTOREAGE.COM (Oct. 16, 2017), https://www.chainstoreage.com/technology/study-teens-twice-likely-shop-online-adults/.

[8] *See* Marianne Wilson, *Teens hot on Black Friday, but cool on Cyber Monday*, CHAINSTORAGE.COM (Nov. 29, 2017), https://www.chainstoreage.com/real-estate/teens-hot-black-friday-cool-cyber-monday/.

[9] *See* Parmy Olson, *At $8.5 Billion, Shopping App 'Wish' Is Now Worth More Than Sears, Macy's and JC Penney Combined*, FORBES, https://www.forbes.com/sites/parmyolson/2017/09/20/wish-8-billion-funding-amazon/#c360ab961e1d.

[10] *See* SENSORTOWER, MOBILE ADVERTISING ATLAS, Q2 2017 REPORT, *available at* https://s3.amazonaws.com/sensortower-itunes/Quarterly+Reports/Sensor-Tower-Q2-2017-Ad-Intel-Data-Digest.pdf?=landing.

[11] *See* Jason Del Rey, *Meet Wish, the $3 Billion App That Could Be The Next Walmart*, RECODE (Dec. 28, 2015), https://www.recode.net/2015/12/28/11621724/meet-wish-the-3-billion-app-that-could-be-the-next-walmart.

[12] *See* Andi Sykes, *Specialized Wages Ware on Counterfeiters* (Dec. 9, 2016), http://singletrackworld.com/2016/12/specialized-wages-war-on-counterfeiters/

[13] *See, e.g.*, *Specialized Bicycle Components, Inc. v. in-style1820, et al*., Civil Case No. 16-cv-62711 (S.D. Fl. Nov. 17, 2016) and *David Gilmour Music Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Civil Case No. 17-cv-7763 (N.D. Ill., Nov.1, 2017).

[14] *See* Tom Hoffarth, *Lakers' Wish List Cheapened by the Dozen*, DAILY NEWS (Sept. 22, 2017), http://www.dailynews.com/2017/09/22/hoffarth-lakers-wish-list-cheapened-by-the-dozen/.

Accounts and on their Merchant Storefronts on Wish as well as potentially yet undiscovered additional online marketplace platforms.

28.     Through their Merchant Storefronts, Defendants offer for sale and/or sell consumer products, including Counterfeit Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.

## Defendants' Wrongful and Infringing Conduct

29.     Particularly in light of Plaintiff's success with its Touch Products, as well as the reputation they have gained, Plaintiff and its Touch Products have become targets for unscrupulous individuals and entities who wish to capitalize on the goodwill, reputation and fame Plaintiff has amassed in its Touch Products, Touch Marks and the works embodied in the Touch Works, and Plaintiff investigates and enforces against such activities.

30.     As part of these efforts, Plaintiff retained New Alchemy Limited ("NAL"), a company that provides intellectual property infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling Counterfeit Products on Wish.

31.     Through NAL's investigative and enforcement efforts, Plaintiff learned of Defendants' actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling products bearing or used in connection with the Touch Marks and/or Touch Works, and/or products in packaging and/or containing labels bearing the Touch Marks and/or Touch Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Touch Marks and/or Touch Works and/or products that are identical or confusingly or substantially similar to the Touch Products (collectively referred to as, "Infringing

Product(s)" or "Counterfeit Product(s)") to U.S. consumers, including those located in the state of New York, through Defendants' User Accounts and Merchant Storefronts. Printouts of listings for Counterfeit Products from Defendants' User Accounts and Merchant Storefronts are included in **Exhibit C** attached hereto and incorporated herein by reference.

32.     Defendants are not, and have never been, authorized by Plaintiff or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the Touch Products or to use the Touch Marks and Touch Works, or any marks or artwork that are confusingly or substantially similar to the Touch Marks or Touch Works.

33.     Defendants' Counterfeit Products are nearly indistinguishable from Plaintiff's Touch Products, only with minor variations that no ordinary consumer would recognize.

34.     During its investigation, NAL identified Defendants as offering for sale and/or selling Counterfeit Products and specified a shipping address located in in New York (the "New York Address") and verified that each Defendant provides shipping to the New York Address. Printouts of the checkout pages for the Counterfeit Products and pages from Defendants' Merchant Storefronts reflecting that the Defendants ship the Counterfeit Products to the New York Address are included in **Exhibit C** attached hereto and incorporated herein by reference.

35.     NAL confirmed that each Defendant was and/or is still currently offering for sale and/or selling Counterfeit Products through their respective Merchant Storefronts, accepting payment for such Counterfeit Products in U.S. Dollars through Wish's own payment processing system ("Wish Payment System"), or through accounts with the payment processing agency PayPal, Inc. ("PayPal"), and that each Defendant provides shipping and/or has actually shipped Counterfeit Products to the U.S., including to customers located in New York. NAL's findings are supported by Defendants' listings for Counterfeit Products and/or the checkout pages for the

Counterfeit Products, which are included in **Exhibit C** attached hereto and incorporated herein by reference.

36.     For example, below on the left is an image of one of Plaintiff's Touch Products, which typically retails for $19.99.   Depicted below on the right is a listing for Defendant Onourown's Counterfeit Product ("Onourown Infringing Listing" and "Onourown Counterfeit Product," respectively).   The Onourown Infringing Listing appears on Defendant Onourown's Merchant Storefront, https://www.wish.com/merchant/58957b40e323a1517ce5ddb0, and offers the Onourown Counterfeit Product for $6.00 USD per item, using, featuring and/or incorporating one or more of the Touch Marks, the Touch Works, and/or confusingly or substantially similar marks or artwork in the listing title "OR Mini **Flawless** Female Depilator Electric Women Hair Removal For Facial Body Nu" (emphasis added) and in the descriptions and/or product images in the body of the listing.   Further, the Onourown Counterfeit Product is virtually identical to one of the Touch Products and features and/or incorporates one or more of the Touch Works and Touch Marks.   There is no question that the Onourown Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's Touch Products or that the Onourown Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the Touch Works and Touch Marks:

| **Touch Product** | **Onourown Infringing Listing** |
|---|---|





37.     By way of another example, below on the left is an image of one of Plaintiff's Touch Products, which typically retails for $19.99.  Depicted below on the right is a listing for Defendant ower co. ltd.'s Counterfeit Product ("ower co. ltd.  Infringing Listing" and "ower co. ltd.  Counterfeit Product," respectively).  The ower co. ltd.  Infringing Listing appears on Defendant ower co. ltd's Merchant Storefront, https://www.wish.com/product/5b02824bbf1b75186bbab08a, and offers the ower co. ltd. Counterfeit Product for $7.00 per item, using, featuring and/or incorporating one or more of the Touch Marks, the Touch Works, and/or confusingly or substantially similar marks or artwork in the listing title "Women Lipstick Shape Shaver Mini Electric **Flawless** Painless Facial Epilator Wax Hair Removal Shaver" (emphasis added) and in the descriptions and/or product images in the body of the listing.  Further, the ower co. ltd.  Counterfeit Product is virtually identical to one of the Touch Products and features and/or incorporates one or more of the Touch Works and Touch

Marks.  There is no question that the ower co. ltd. Counterfeit Product is designed to confuse and

mislead consumers into believing that they are purchasing one of Plaintiff's Touch Products or

that the ower co. ltd. _ Counterfeit Product is otherwise approved by or sourced from Plaintiff,

thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use

of the Touch Works and Touch Marks:

| **Touch Product** | **ower co. ltd.  Infringing Listing** |
|---|---|




38.     As another example, below on the left is an image of one of Plaintiff's Touch

Products, which typically retails for $19.99.  Depicted below on the right is a listing for Defendant

pinlilili's Counterfeit Product ("pinlilili Infringing Listing" and "pinlilili Counterfeit Product,"

respectively).  The pinlilili Infringing Listing appears on Defendant pinlilili's Merchant Storefront,

https://www.wish.com/merchant/59885b402382702dcf2e3bf8, and offers the pinlilili Counterfeit

Product for $10.00 USD per item, using, featuring and/or incorporating one or more of the Touch

Marks, the Touch Works, and/or confusingly or substantially similar marks or artwork in the

descriptions and/or product images in the body of the listing. Further, the pinlilili Counterfeit

Product is virtually identical to one of the Touch Products and features and/or incorporates one or

more of the Touch Works and Touch Marks. There is no question that the pinlilili Counterfeit

Product is designed to confuse and mislead consumers into believing that they are purchasing one

of Plaintiff's Touch Products or that the pinlilili Counterfeit Product is otherwise approved by or

sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging

in the unauthorized use of the Touch Works and Touch Marks:

<u>**Touch Product**</u>                              <u>**pinlilili Infringing Listing**</u>

 

39.    By these dealings in Counterfeit Products (including, without limitation, copying,

manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying,

offering for sale and/or selling Counterfeit Products), Defendants violated Plaintiff's exclusive

rights in the Touch Marks and Touch Works, and have used marks, images and artwork that are

confusingly and/or substantially similar to, identical to and/or constitute counterfeiting and/or

infringement of the Touch Marks and Touch Works in order to confuse consumers into believing that such Counterfeit Products are Touch Products and aid in the promotion and sales of their Counterfeit Products.  Defendants' conduct began long after Plaintiff's adoption and use of the Touch Marks and Touch Works, after Plaintiff obtained the federal registrations in the Touch Marks and Touch Works, as alleged above, and after Plaintiff's Touch Products, Touch Marks and Touch Works became well-known to the purchasing public.

40.      Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of Plaintiff's ownership of the Touch Marks and Touch Works, of the fame and incalculable goodwill associated therewith and of the popularity and success of the Touch Products, and in bad faith adopted the Touch Marks and Touch Works.

41.      Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff, the Touch Marks, Touch Works and Touch Products.

42.      Defendants' dealings in Counterfeit Products, as alleged herein, has caused, and will continue to cause confusion, mistake, economic loss, and has, and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Counterfeit Products, thereby causing consumers to erroneously believe that such Counterfeit Products are licensed by or otherwise associated with Plaintiff, thereby damaging Plaintiff.

43.      In engaging in these actions, Defendants have, jointly and severally, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed and counterfeited the Touch Marks, infringed the

Touch Works, committed unfair competition and unfairly and unjustly profited from such activities at Plaintiff's expense.

44.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Trademark Counterfeiting Under Sections 32, 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d) and 1117(b)-(c)))

45.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

46.     Plaintiff is the exclusive owner of all right and title to the Touch Marks.

47.     Plaintiff has continuously used the Touch Marks in interstate commerce since on or before the dates of first use as reflected in the registration attached hereto as **Exhibit A**.

48.     Without Plaintiff's authorization or consent, with knowledge of Plaintiff's well-known and prior rights in its Touch Marks and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied and/or colorably imitated the Touch Marks and/or used spurious designations that are identical with, or substantially indistinguishable from, the Touch Marks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

49.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with Plaintiff, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the Touch Marks through their participation in such activities.

50.     Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the Touch Marks to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, thereby making substantial profits and gains to which they are not entitled in law or equity.

51.     Defendants' unauthorized use of the Touch Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff or its authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Touch Marks.

52.     Defendants' actions constitute willful counterfeiting of the Touch Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

53.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, its reputation and its valuable rights in and to the Touch Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable Touch Marks.

54.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Infringement of Registered Trademarks)
### [115 U.S.C. § 1114/Lanham Act § 32(a)]

55.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

56.     Plaintiff has continuously used the Touch Marks in interstate commerce since on or before the dates of first use as reflected in the registration certificate attached hereto as **Exhibit A.**

57.     Plaintiff, as owner of all right, title and interest in and to the Touch Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

58.     Defendants were, at the time they engaged in their actions as alleged herein, actually aware that Plaintiff is the owner of the federal trademark registration for the Touch Marks.

59.     Defendants did not seek and thus inherently failed to obtain consent or authorization from Plaintiff, as the registered trademark owner of the Touch Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell Touch Products and/or related products bearing the Touch Marks into the stream of commerce.

60.     Defendants knowingly and intentionally manufactured, imported, exported,

22

advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Touch Marks and/or which are identical or confusingly similar to the Touch Marks.

61.     Defendants knowingly and intentionally reproduced, copied and colorably imitated the Touch Marks and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Counterfeit Products.

62.     Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that Plaintiff is the owner of all rights in and to the Touch Marks.

63.     Defendants' egregious and intentional use of the Touch Marks in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are Plaintiff's Touch Products or are otherwise associated with, or authorized by, Plaintiff.

64.     Defendants' actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the Touch Marks, as well as with bad faith and the intent to cause confusion, mistake and deception.

65.     Defendants' continued, knowing, and intentional use of the Touch Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered Touch Marks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

66.     As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the Touch Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and the valuable Touch Marks.

67.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (False Designation of Origin, Passing Off & Unfair Competition)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

68.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

69.     Plaintiff, as the owner of all right, title and interest in and to the Touch Marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

70.     The Touch Marks are inherently distinctive and/or have acquired distinctiveness.

71.     Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of the Touch Marks and Touch Works and affixed, applied and used false designations of origin and

false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Counterfeit Products are Touch Products or related products, and/or that Defendants' Counterfeit Products are authorized, sponsored, approved, endorsed or licensed by Plaintiff and/or that Defendants are affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of such Counterfeit Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, the Touch Marks and Touch Works, to Defendants' substantial profit in blatant disregard of Plaintiff's rights.

72.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products that are identical to, confusingly similar to or which constitute colorable imitations of Plaintiff's Touch Products using marks and/or artwork that is identical and/or confusingly or substantially similar to, or which constitute colorable imitations of the Touch Marks and Touch Works, Defendants have traded off the extensive goodwill of Plaintiff and its Touch Products and did in fact induce, and intend to, and will continue to induce customers to purchase Defendants' Counterfeit Products, thereby directly and unfairly competing with Plaintiff.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff and its Touch Marks, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

73.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks and artwork that

are identical or confusingly or substantially similar to and constitute reproductions of the Touch Marks and Touch Works would cause confusion, mistake or deception among purchasers, users and the public.

74. Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation Plaintiff, its Touch Products, Touch Marks and Touch Works.

75. As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its Touch Products and by depriving Plaintiff of the value of its Touch Marks and Touch Works as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of Touch Marks and Touch Works.

76. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

### FOURT CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

77. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

78.     Plaintiff is the exclusive owner of the Touch Works.

79.     Defendants had actual notice of Plaintiff's exclusive rights in and to the Touch Works.

80.     Defendants did not attempt and therefore inherently failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform and/or market Plaintiff's Touch Products and/or Touch Works.

81.     Without permission, Defendants knowingly and intentionally reproduced, copied, and displayed the Touch Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products which bear such Touch Works, or artwork that is, at a minimum, substantially similar to the Touch Works.

82.     Defendants' unlawful and willful actions as alleged herein constitute infringement of the Touch Works, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such Touch Works in violation of 17 U.S.C. § 501(a).

83.     Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff in an amount as yet unknown but to be proven at trial, for which Plaintiff has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiff.

84.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

<div align="center">

**FIFTH CAUSE OF ACTION**
**(Violation of Deceptive Acts and Practices Unlawful)**
**[N.Y. Gen. Bus. Law § 349]**

</div>

85.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

86.     Through Defendants' unlawful, unauthorized and unlicensed use of the Touch Works and/or Touch Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products which are identical and/or confusingly or substantially similar to Plaintiff's Touch Products, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

87.     Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce.   Such conduct has deceived and materially mislead, or has a tendency to deceive and materially mislead the consuming public, and has injured and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 349.

88.     As a result of Defendants' actions alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

89.     Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

### SIXTH CAUSE OF ACTION
### (False Advertising Unlawful)
### [N.Y. Gen. Bus. Law § 350]

90.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

91.     Without the authorization of Plaintiff, Defendants have used the Touch Marks

and/or Touch Works and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to the Touch Marks and/or Touch Works in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products which are identical and/or confusingly or substantially similar to Plaintiff's Touch Products, causing confusion, mistake and deceiving consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

92.    Defendants' aforementioned willful and intentional conduct constitutes false advertising in the conduct of any business, trade or commerce and has injured and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 350.

93.    As a result of Defendants' actions alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

94.    Pursuant to N.Y. Gen. Bus. Law § 350(e), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

<div align="center">

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition)**
**[New York Common Law]**

</div>

95.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

96.    By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products, Defendants have traded off the extensive goodwill of Plaintiff and its Touch Products to induce, and did induce and intend and will continue to induce, customers to purchase their

Counterfeit Products, thereby directly competing with Plaintiff. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

97.     Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

98.     Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products would cause confusion and mistake, or deceive purchasers, users and the public.

99.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of Plaintiff's rights, and for the wrongful purpose of injuring Plaintiff, and its competitive position while benefiting Defendants.

100.     As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its Touch Products in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law, and Plaintiff has been and will continue to be deprived of the value of its Touch Marks and

Touch Works as commercial assets in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law.

101.     As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

102.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

103.     By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

104.     Defendants' retention of monies gained through their deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, inclusive, and each of them, as follows:

A.     For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

31

B.      In the alternative to Defendants' profits and Plaintiff's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, which Plaintiff may elect prior to the rendering of final judgment;

C.      For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for willful trademark infringement of Plaintiff's federally registered Touch Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the Touch Works under 17 U.S.C. § 501(a);

F.      In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of the Touch Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment;

G.      For an award of damages in an amount to be proven at trial for deceptive acts and practices unlawful pursuant to N.Y. Gen. Bus. Law § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law § 350(e);

I.      For an award of damages to be proven at trial for common law unfair competition;

J.      For an award of damages in an amount to be proven at trial for unjust enrichment;

K.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

      i.  manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;

      ii.  directly or indirectly infringing in any manner any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Touch Marks or Touch Works;

      iii.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Touch Marks and Touch Works to identify any goods or services not authorized by Plaintiff;

      iv.  using any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Touch Works or Touch Marks, or any other marks or artwork that are confusingly or substantially similar to the Touch Marks or Touch Works on or in

connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiff;

vi. engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii. engaging in any other actions that constitute unfair competition with Plaintiff;

viii. engaging in any other act in derogation of Plaintiff's rights;

ix. secreting, destroying, altering, removing, or otherwise dealing with the Counterfeit Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

x.  from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts or Merchant Storefronts, any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) ("Defendants' Assets") from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefronts (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts"), and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

xi.  from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xii.  effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action;

xiii.  providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

xiv.  instructing, assisting, aiding or abetting any other person or entity in

engaging in or performing any of the activities referred to in subparagraphs (i) through (xiii) above; and

L.      For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Touch Marks or Touch Works, or bear any marks that are confusingly or substantially similar to the Touch Marks or Touch Works;

M.      For an order of the Court requiring that Defendants deliver up for destruction to Plaintiff any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Touch Marks or Touch Works, or bear any marks that are confusingly or substantially similar to the Touch Marks or Touch Works pursuant to 15 U.S.C. § 1118;

N.      For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest;

O.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which

rightfully belong to Plaintiff;

P.      For an award of exemplary or punitive damages in an amount to be determined by

the Court;

Q.      For Plaintiff's reasonable attorneys' fees;

R.      For all costs of suit; and

S.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.


Dated: October 30, 2018                         Respectfully submitted,

                                                EPSTEIN DRANGEL LLP

                                        BY:     _____
                                                Spencer Wolgang (SW 2389)
                                                swolgang@ipcounselors.com
                                                Brieanne Scully (BS 3711)
                                                bscully@ipcounselors.com
                                                Mary Kate Brennan (MB 5595)
                                                mbrennan@ipcounselors.com
                                                Ashly E. Sands (AS 7715)
                                                asands@ipcounselors.com
                                                Jason M. Drangel (JD 7204)
                                                jdrangel@ipcounselors.com
                                                60 East 42nd Street, Suite 2520
                                                New York, NY 10165
                                                Telephone:    (212) 292-5390
                                                Facsimile:    (212) 292-5391
                                                *Attorneys for Plaintiff*
                                                *Ideavillage Products, Inc.*

# EXHIBIT A



# United States of America
## United States Patent and Trademark Office

# FINISHING TOUCH

**Reg. No. 4,422,095**

**Registered Oct. 22, 2013**

**Int. Cl.: 8**

**TRADEMARK**

**PRINCIPAL REGISTER**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46 WEST
WAYNE, NJ 07470

FOR: CUTICLE SCISSORS; DEPILATORY APPLIANCES; ELECTRIC AND BATTERY-POWERED HAIR TRIMMERS; ELECTRIC SHAVERS; NAIL SCISSORS; TWEEZERS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 5-1-1998; IN COMMERCE 5-1-1998.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-931,181, FILED 5-14-2013.

JACQUELINE ABRAMS, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL**
**TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE**
**DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# YES! BY FINISHING TOUCH

**Reg. No. 4,693,272**

**Registered Feb. 24, 2015**

**Int. Cl.: 8**

**TRADEMARK**

**PRINCIPAL REGISTER**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46
WAYNE, NJ 07470

FOR: APPLIANCES FOR BEAUTY CARE PURPOSES, NAMELY, ELECTRIC SHAVERS, HAIR TRIMMERS AND DEPILATORY APPLIANCES; SCISSORS; HAND-OPERATED SHEARS; RAZORS; MANICURE IMPLEMENTS, NAMELY, NAIL FILES, NAIL CLIPPERS, CUTICLE PUSHERS, TWEEZERS, NAIL AND CUTICLE SCISSORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 2-22-2014; IN COMMERCE 2-22-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 86-130,204, FILED 11-26-2013.

ALLISON HOLTZ, EXAMINING ATTORNEY



**Deputy Director of the United States**
**Patent and Trademark Office**

<div style="border: 1px solid black; padding: 10px; text-align: center;">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# FLAWLESS

**Reg. No. 5,318,698**

**Registered Oct. 24, 2017**

**Int. Cl.: 8**

**Trademark**

**Principal Register**

Ideavillage Products Corp. (NEW JERSEY CORPORATION)
155 Route 46 West, 4th Floor
Wayne, NEW JERSEY 07470

CLASS 8: appliances for beauty care purposes, namely, electric shavers, hair trimmers and depilatory appliances; electric and battery-powered hair trimmers; razors

FIRST USE 2-23-2017; IN COMMERCE 2-23-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-294,136, FILED 01-09-2017



*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

## FINISHING TOUCH FLAWLESS

**Reg. No. 5,325,690**

**Registered Oct. 31, 2017**

**Int. Cl.: 8**

**Trademark**

**Principal Register**

Ideavillage Products Corp. (NEW JERSEY CORPORATION)
155 Route 46 West, 4th Floor
Wayne, NEW JERSEY 07470

CLASS 8: appliances for beauty care purposes, namely, electric shavers, hair trimmers and depilatory appliances; electric and battery-powered hair trimmers; razors

FIRST USE 2-23-2017; IN COMMERCE 2-23-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-294,188, FILED 01-09-2017



*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an  Application for  Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# FLAWLESS

**Reg. No. 5,391,994**

**Registered Jan. 30, 2018**

**Int. Cl.: 8**

**Trademark**

**Principal Register**

Ideavillage Products Corp. (NEW JERSEY CORPORATION)
155 Route 46 West
Wayne, NEW JERSEY 07470

CLASS 8: Appliances for beauty care purposes, namely, electric shavers, hair trimmers and depilatory appliances; electric and battery-powered hair trimmers; razors

FIRST USE 2-23-2017; IN COMMERCE 2-23-2017

The mark consists of the stylized wording "FLAWLESS".

SER. NO. 87-551,367, FILED 08-01-2017



Joseph Matol

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# FLAWLESS LEGS

**Reg. No. 5,537,019**

**Registered Aug. 07, 2018**

**Int. Cl.: 8**

**Trademark**

**Principal Register**

Ideavillage Products Corp.  (NEW JERSEY CORPORATION)
155 Route 46 West
Wayne, NEW JERSEY 07470

CLASS 8: Appliances for beauty care purposes, namely, electric shavers, hair trimmers and depilatory appliances; Electric and battery-powered hair trimmers

FIRST USE 12-25-2017; IN COMMERCE 12-25-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "LEGS"

SER. NO. 87-508,754, FILED 06-28-2017

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# FLAWLESS *Legs*

**Reg. No. 5,576,996**

**Registered Oct. 02, 2018**

**Int. Cl.: 8**

**Trademark**

**Principal Register**

Ideavillage Products Corp.  (NEW JERSEY CORPORATION)
155 Route 46 West
Wayne, NEW JERSEY 07470

CLASS 8: Appliances for beauty care purposes, namely, electric shavers, hair trimmers and depilatory appliances; electric and battery-powered hair trimmers

FIRST USE 9-17-2017; IN COMMERCE 9-17-2017

The mark consists of the stylized wording "FLAWLESS LEGS".

No claim is made to the exclusive right to use the following apart from the mark as shown: "LEGS"

SER. NO. 87-551,386, FILED 08-01-2017



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an  Application  for  Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,407,466**

**Registered Feb. 20, 2018**

**Int. Cl.: 8**

**Trademark**

**Principal Register**

Ideavillage Products Corp. (NEW JERSEY CORPORATION)
155 Route 46 West
Wayne, NEW JERSEY 07470

CLASS 8: appliances for beauty care purposes, namely, electric shavers, hair trimmers and depilatory appliances; electric and battery-powered hair trimmers; razors

FIRST USE 2-23-2017; IN COMMERCE 2-23-2017

The mark consists of a stylized circle encompassing a smaller circle in the center.

SER. NO. 87-551,378, FILED 08-01-2017

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

**Int. Cl.: 8**

**Prior U.S. Cls.: 23, 28 and 44**

**Reg. No. 2,884,308**

## United States Patent and Trademark Office

Registered Sep. 14, 2004

### TRADEMARK
**PRINCIPAL REGISTER**

## MICROTOUCH

IDEAVILLAGE PRODUCTS CORP. (NEW JER-
SEY CORPORATION)
21 LAW DRIVE
FAIRFIELD, NJ 07004

FOR: APPLIANCES FOR BEAUTY CARE PURPO-
SES, NAMELY ELECTRIC SHAVERS, HAIR TRIM-
MERS AND DEPILATORY APPLIANCES;
SCISSORS, NON-ELECTRIC PORE CLEANSERS;
HAND-OPERATED SHEARS, RAZORS, AND MAN-
ICURE IMPLEMENTS, NAMELY, NAIL FILES,

NAIL CLIPPERS, CUTICLE PUSHERS, TWEEZERS,
NAIL AND CUTICLE SCISSORS, IN CLASS 8 (U.S.
CLS. 23, 28 AND 44).

FIRST USE 9-1-2003; IN COMMERCE 9-1-2003.

SER. NO. 78-282,058, FILED 8-1-2003.

TRACY WHITAKER-BOWN, EXAMINING ATTOR-
NEY



# United States of America
## United States Patent and Trademark Office

# MICROTOUCH MAX

**Reg. No. 4,183,150**  
**Registered July 31, 2012**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)  
155 ROUTE 46 WEST  
WAYNE, NJ 07470

**Int. Cl.: 8**

**TRADEMARK**

**PRINCIPAL REGISTER**

FOR: APPLIANCES FOR BEAUTY CARE PURPOSES, NAMELY ELECTRIC SHAVERS, BATTERY-OPERATED HAIR TRIMMERS AND DEPILATORY APPLIANCES; SCISSORS, HAND-OPERATED SHEARS, RAZORS, AND MANICURE IMPLEMENTS, NAMELY, NAIL FILES, NAIL CLIPPERS, CUTICLE PUSHERS, TWEEZERS, NAIL AND CUTICLE SCISSORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 9-30-2010; IN COMMERCE 9-30-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-491,545, FILED 12-9-2011.

TRACY FLETCHER, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

# United States of America

### United States Patent and Trademark Office

# MICROTOUCH ONE

**Reg. No. 4,937,115**

**Registered Apr. 12, 2016**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46
WAYNE, NJ 07470

**Int. Cl.: 8**

FOR: APPLIANCES FOR BEAUTY CARE PURPOSES, NAMELY, HAIR TRIMMERS AND DEPILATORY APPLIANCES; RAZORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

**TRADEMARK**

FIRST USE 7-19-2013; IN COMMERCE 7-19-2013.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,884,308 AND 4,183,150.

SN 86-023,382, FILED 7-30-2013.

JAMES MACFARLANE, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office
(USPTO). The time periods for filing are based on the U.S. registration date (not the international registration
date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to
those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international
registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the
underlying international registration at the International Bureau of the World Intellectual Property Organization,
under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated
from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal
forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark
owners/holders who authorize e-mail communication and maintain a current e-mail address with the
USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark
Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms
available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# MICROTOUCH SWITCHBLADE

**Reg. No. 4,582,646**

**Registered Aug. 12, 2014**

**Int. Cl.: 8**

**TRADEMARK**

**PRINCIPAL REGISTER**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46 WEST
WAYNE, NJ 07470

FOR: APPLIANCES FOR BEAUTY CARE PURPOSES, NAMELY, ELECTRIC SHAVERS, HAIR TRIMMERS AND DEPILATORY APPLIANCES; SCISSORS, NON-ELECTRIC PORE CLEANSERS; HAND-OPERATED SHEARS, RAZORS, AND MANICURE IMPLEMENTS, NAMELY, NAIL FILES, NAIL CLIPPERS, CUTICLE PUSHERS, TWEEZERS, NAIL AND CUTICULE SCISSORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 3-23-2013; IN COMMERCE 3-23-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-892,525, FILED 4-2-2013.

JACQUELINE ABRAMS, EXAMINING ATTORNEY



**Deputy Director of the United States
Patent and Trademark Office**

<div style="border:1px solid">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

<div style="border:1px solid">

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

</div>

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the
USPTO website for further information.  With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.



# United States of America
## United States Patent and Trademark Office

# TOUGH BLADE

**Reg. No. 4,749,480**

**Registered June 2, 2015**

**Int. Cl.: 8**

**TRADEMARK**

**PRINCIPAL REGISTER**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46 WEST
WAYNE, NJ 07470

FOR: APPLIANCES FOR BEAUTY CARE PURPOSES, NAMELY, ELECTRIC SHAVERS, HAIR TRIMMERS AND DEPILATORY APPLIANCES; SCISSORS; HAND-OPERATED SHEARS; RAZORS; MANICURE IMPLEMENTS, NAMELY, NAIL FILES, NAIL CLIPPERS, CUTICLE PUSHERS, TWEEZERS, NAIL AND CUTICLE SCISSORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 1-14-2015; IN COMMERCE 1-14-2015.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BLADE", APART FROM THE MARK AS SHOWN.

SN 86-288,149, FILED 5-21-2014.

JACQUELINE ABRAMS, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).   The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.   *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.   *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at**  http://www.uspto.gov.

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kary H. Tingle*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-112-403**

**Effective Date of Registration:**
June 15, 2017

## Title

| | |
|---|---|
| **Title of Work:** | Finishing Touch Flawless Packaging Artwork |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2017 |
| **Date of 1st Publication:** | May 23, 2017 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| • **Author:** | Dot Matrix |
| **Author Created:** | photograph, 2-D artwork |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Ideavillage Products Corp. |
| | 155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States |
| **Transfer statement:** | by written agreement |

## Rights and Permissions

| | |
|---|---|
| **Organization Name:** | Epstein Drangel LLP |
| **Email:** | mail@ipcounselors.com |
| **Telephone:** | (212)292-5390 |
| **Address:** | 60 East 42nd Street |
| | Suite 2520 |
| | New York, NY 10165 United States |

## Certification

**Name:**    Jennette Wiser
**Date:**    June 15, 2017
**Applicant's Tracking Number:**    1111-001C

**Correspondence:**    Yes

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Karn H. Tingle*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-102-735

**Effective Date of Registration:**
May 11, 2018

---

## Title

| | |
|---|---|
| **Title of Work:** | Finishing Touch Flawless Packaging Artwork and Instructions |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2017 |
| **Date of 1st Publication:** | May 23, 2017 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| • **Author:** | Dot Matrix |
| **Author Created:** | photograph, 2-D artwork |
| **Work made for hire:** | Yes |
| **Domiciled in:** | United States |
| • **Author:** | Morris Weber |
| **Author Created:** | text, 2-D artwork |
| **Work made for hire:** | Yes |
| **Domiciled in:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Ideavillage Products Corp.<br>155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States |
| **Transfer statement:** | By written agreement |

## Limitation of copyright claim

| | |
|---|---|
| **Material excluded from this claim:** | photograph, Photograph of woman's face on bottom right-hand corner of packaging artwork and logo design on packaging artwork |
| **New material included in claim:** | Photograph, 2-D artwork, text |

## Rights and Permissions

|  |  |
|---|---|
| **Organization Name:** | Epstein Drangel LLP |
| **Name:** | Jason M. Drangel |
| **Email:** | mail@ipcounselors.com |
| **Telephone:** | (212)292-5390 |
| **Address:** | 60 East 42nd Street |
|  | Suite 2520 |
|  | New York, NY 10165 United States |

## Certification

|  |  |
|---|---|
| **Name:** | Annmary Ittan |
| **Date:** | May 11, 2018 |
| **Applicant's Tracking Number:** | 1111-001C |

|  |  |
|---|---|
| **Correspondence:** | Yes |

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

## PA 2-055-361

**Effective Date of Registration:**
April 06, 2017

---

## Title

**Title of Work:** Finishing Touch Flawless Commercial

## Completion/Publication

**Year of Completion:** 2016
**Date of 1st Publication:** February 23, 2017
**Nation of 1st Publication:** United States

## Author

- **Author:** Blue Reed Productions
  **Author Created:** entire motion picture
  **Work made for hire:** Yes
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Ideavillage Products Corp.
155 Route 46 West, Wayne, NJ, 07470, United States
**Transfer statement:** By written agreement

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification

**Name:** Jennette Wiser
**Date:** April 06, 2017
**Applicant's Tracking Number:** 1111-001C

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-898-348

**Effective date of registration:**

March 20, 2014

---

## Title

**Title of Work:** Yes! By Finishing Touch website 3.20.14

## Completion/Publication

**Year of Completion:** 2014

**Date of 1st Publication:** February 21, 2014   **Nation of 1st Publication:** United States

## Author

- **Author:** Ideavillage Products Corp.

  **Author Created:** text, photograph(s), 2-D artwork

  **Work made for hire:** Yes

  **Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** Ideavillage Products Corp.

155 Route 46 West, Wayne, NJ, 07470, United States

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP

**Name:** Jason M Drangel

**Email:** mail@ipcounselors.com   **Telephone:** 212-292-5390

**Address:** 60 E. 42nd St.

Suite 2410

New York, NY 10165 United States

## Certification

**Name:** Jason Drangel

**Date:** March 20, 2014

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Kay H. Ewls*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-114-639

**Effective Date of Registration:**
March 13, 2018

---

## Title
_____

**Title of Work:**  Finishing Touch Flawless Brand Website

## Completion/Publication
_____

**Year of Completion:**  2018
**Date of 1st Publication:**  March 09, 2018
**Nation of 1st Publication:**  United States

## Author
_____

- **Author:**  Ideavillage Products Corp.
**Author Created:**  photograph, Text
**Work made for hire:**  Yes
**Domiciled in:**  United States

## Copyright Claimant
_____

**Copyright Claimant:**  Ideavillage Products Corp.
155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States

## Limitation of copyright claim
_____

**Material excluded from this claim:**  text of customer reviews

**New material included in claim:**  photograph, text

## Rights and Permissions
_____

**Organization Name:**  Epstein Drangel LLP
**Name:**  Jason M. Drangel
**Email:**  mail@ipcounselors.com
**Telephone:**  (212)292-5390
**Address:**  60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification

|                              |                |
| ---------------------------- | -------------- |
| **Name:**                    | Annmary Ittan  |
| **Date**:                    | March 13, 2018 |
| **Applicant's Tracking Number:** | 1111-001C  |

| | |
| --- | --- |
| **Correspondence:** | Yes |
| **Copyright Office notes:** | Regarding special handling request: Claim upgraded for special handling per request received on 8/02/2018 due to possible infringement.  Registration decision and certificate issued on 8/15/2018. |



# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-082-167

**Effective Date of Registration:**
April 06, 2017

## Title

| | |
|---|---|
| Title of Work: | Finishing Touch Flawless Website |

## Completion/Publication

| | |
|---|---|
| Year of Completion: | 2016 |
| Date of 1st Publication: | February 23, 2017 |
| Nation of 1st Publication: | United States |

## Author

| | |
|---|---|
| • Author: | Digital Target Marketing |
| Author Created: | photograph, 2-D artwork, Text |
| Work made for hire: | Yes |
| Domiciled in: | United States |

## Copyright Claimant

| | |
|---|---|
| Copyright Claimant: | Ideavillage Products Corp. |
| | 155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States |
| Transfer statement: | By written agreement |

## Rights and Permissions

| | |
|---|---|
| Organization Name: | Epstein Drangel LLP |
| Email: | mail@ipcounselors.com |
| Telephone: | (212)292-5390 |
| Address: | 60 East 42nd Street |
| | Suite 2520 |
| | New York, NY 10165 United States |

## Certification

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Karyn A. Temple*

Acting United States Register of Copyrights and Director

**Registration Number**

**PA 2-113-678**

**Effective Date of Registration:**
May 11, 2018

---

## Title

| | |
|---|---|
| **Title of Work:** | Flawless Legs Commercial |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2017 |
| **Date of 1st Publication:** | December 25, 2017 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| • **Author:** | Tom Jourdan Productions |
| **Author Created:** | entire motion picture |
| **Work made for hire:** | Yes |
| **Domiciled in:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Ideavillage Products Corp.<br>155 Route 46 West, Wayne, NJ, 07470, United States |
| **Transfer statement:** | By written agreement |

## Rights and Permissions

| | |
|---|---|
| **Organization Name:** | Epstein Drangel LLP |
| **Name:** | Jason M. Drangel |
| **Email:** | mail@ipcounselors.com |
| **Telephone:** | (212)292-5390 |
| **Address:** | 60 East 42nd Street<br>Suite 2520<br>New York, NY 10165 United States |

## Certification

**Name:** Annmary Ittan
**Date:** May 11, 2018
**Applicant's Tracking Number:** 1111-001C

**Correspondence:** Yes

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-892-726

**Effective date of
registration:**

January 8, 2014

---

## Title

**Title of Work:** Microtouch One Packaging and Instructions

## Completion/Publication

**Year of Completion:** 2013

**Date of 1st Publication:** July 22, 2013     **Nation of 1st Publication:** United States

## Author

■     **Author:** Ideavillage Products Corp.

**Author Created:** text, photograph(s), 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** Ideavillage Products Corp.

155 Route 46 West, Wayne, NJ, 07470, United States

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP

**Name:** Jason M Drangel

**Email:** mail@ipcounselors.com     **Telephone:** 212-292-5390

**Address:** 60 E. 42nd St.

Suite 2410

New York, NY 10165  United States

## Certification

**Name:** Sarah I. Cohen

**Date:** January 8, 2014

**Applicant's Tracking Number:** 1111-1142

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Kay H. Turla*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-115-168**

**Effective Date of Registration:**
May 11, 2018

## Title

**Title of Work:** Flawless Legs Website

## Completion/Publication

**Year of Completion:** 2017
**Date of 1st Publication:** September 17, 2017
**Nation of 1st Publication:** United States

## Author

- **Author:** Digital Target Marketing
  **Author Created:** photograph, 2-D artwork, Text
  **Work made for hire:** Yes
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Ideavillage Products Corp.
155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States
**Transfer statement:** By written agreement

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Name:** Jason M. Drangel
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification

| | |
|---:|---|
| **Name:** | Annmary Ittan |
| **Date:** | May 11, 2018 |
| **Applicant's Tracking Number:** | 1111-001C |

---

**Correspondence:**   Yes

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kay H. Testa*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-114-549

**Effective Date of Registration:**
May 11, 2018

---

## Title

**Title of Work:** Flawless Legs Packaging Artwork and Instructions

## Completion/Publication

**Year of Completion:** 2017
**Date of 1st Publication:** January 16, 2018
**Nation of 1st Publication:** United States

## Author

- **Author:** Dot Matrix
  **Author Created:** photograph, 2-D artwork, Text
  **Work made for hire:** Yes
  **Domiciled in:** United States

- **Author:** Morris Weber
  **Author Created:** photograph, 2-D artwork, Text
  **Work made for hire:** Yes
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Ideavillage Products Corp.
155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States
**Transfer statement:** By written agreement

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Name:** Jason M. Drangel
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390

**Address:**  60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification

**Name:**  Annmary Ittan
**Date:**  May 11, 2018
**Applicant's Tracking Number:**  1111-001C

**Correspondence:**  Yes

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

Registration Number

## VA 2-014-181

**Effective Date of Registration:**
May 04, 2016

---

## Title _____

**Title of Work:**   MicroTouch Tough Blade (6 month blade replacement) Packaging Artwork

## Completion/Publication _____

**Year of Completion:**   2016
**Date of 1st Publication:**   April 22, 2016
**Nation of 1st Publication:**   United States

## Author _____

- **Author:**   Dot Matrix
  **Author Created:**   photograph, 2-D artwork, Text
  **Work made for hire:**   Yes
  **Domiciled in:**   United States

## Copyright Claimant _____

**Copyright Claimant:**   Ideavillage Products Corp.
155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States
**Transfer statement:**   By written agreement

## Rights and Permissions _____

**Organization Name:**   Epstein Drangel LLP
**Email:**   mail@ipcounselors.com
**Telephone:**   (212)292-5390
**Address:**   60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification _____

**Name:**   Jennette Wiser
**Date:**   May 04, 2016
**Applicant's Tracking Number:**   1111-001C

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

# VA 2-000-168

**Effective Date of Registration:**
January 11, 2016

## Title

**Title of Work:** MicroTouch One Website

## Completion/Publication

**Year of Completion:** 2013
**Date of 1st Publication:** July 19, 2013
**Nation of 1st Publication:** United States

## Author

- **Author:** Digital Target Marketing
  **Author Created:** photograph, 2-D artwork, Text
  **Work made for hire:** Yes
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Ideavillage Products Corp.
155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States
**Transfer statement:** By written agreement

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification

**Name:** Jennette Wiser
**Date:** January 11, 2016
**Applicant's Tracking Number:** X1111-1280

Page 1 of 2

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VAu 1-142-294

**Effective date of
registration:**

August 15, 2013

## Title

**Title of Work:** Microtouch Switchblade Packaging and Instructions

## Completion/Publication

**Year of Completion:** 2013

## Author

**Author:** Ideavillage Products Corp.

**Author Created:** text, photograph(s), 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** Ideavillage Products Corp.

155 Route 46 West, Wayne, NJ, 07470, United States

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP

**Name:** Jason M Drangel

**Email:** mail@ipcounselors.com          **Telephone:** 212-292-5390

**Address:** 60 E. 42nd St.

Suite 2410

New York, NY 10165  United States

## Certification

**Name:** Sarah I Cohen

**Date:** August 15, 2013

**Applicant's Tracking Number:** 1111-1119

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-945-485

**Effective Date of Registration:**
January 16, 2015

---

## Title

**Title of Work:**   MicroTouch Tough Blade Packaging

## Completion/Publication

**Year of Completion:**   2014
**Date of 1st Publication:**   January 14, 2015
**Nation of 1st Publication:**   United States

## Author

- **Author:**   Adcomm Advertising
  **Author Created:**   photograph(s), 2-D artwork
  **Work made for hire:**   Yes
  **Citizen of:**   United States
  **Domiciled in:**   United States

## Copyright Claimant

**Copyright Claimant:**   Ideavillage Products Corp.
155 Route 46 West, Wayne, NJ, 07470, United States
**Transfer statement:**   By written agreement

## Rights and Permissions

**Organization Name:**   Epstein Drangel LLP
**Email:**   mail@ipcounselors.com
**Telephone:**   (212)292-5390
**Address:**   60 E. 42nd St.
Suite 2410
New York, NY 10165 United States

## Certification

**Name:**   Jason M. Drangel
**Date:**   January 16, 2015